JOHN LUIZ *vs.* WILLIAM J. INGRAM.

FEBRUARY 26, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J.   This is an action of trespass on the case for personal injuries suffered by the plaintiff as a result of being struck by the defendant's truck.   The trial justice, before whom the case was tried in the Superior Court, with a jury, directed a verdict for the defendant on the ground that the evidence did not show that the defendant was guilty of negligence in the operation and control of his truck when it struck the plaintiff.   The plaintiff excepted to this ruling and has duly prosecuted his bill of exceptions to this court.

The only question before us is whether or not there is any legal evidence in the case upon which the jury could reasonably have found for the plaintiff.   Since the question comes here on an exception to the ruling of the trial justice, granting the defendant's motion for a directed verdict, we must consider the evidence on a view most favorable to the plaintiff.   This likewise was the rule for the trial justice to follow in reaching his decision on that motion.   From our reading of the transcript, it appears to us that he did not follow it, or that he inadvertently overlooked certain portions of the defendant's testimony, wherein the defendant and his assistant describe the manner in which defendant operated his truck just prior to the accident.

The following summary of the testimony clearly shows that it was for the jury to say whether or not the conduct of the defendant was that of a reasonable and prudent operator of a motor vehicle under all the surrounding circumstances.   The accident occurred on Benefit street in the City of Providence near its intersection with Power street.   As the plaintiff was standing on the sidewalk waiting to cross Power street, he was hit and knocked down by the rear of the defendant's truck, which skidded as it reached Power street.   Inasmuch as the plaintiff's back was to the approaching truck, he was not able to say how

the accident happened. The testimony on this point comes wholly from the defendant and his assistant Morris, who was riding on the seat beside him. With a few slight variations both testified to the same effect as to the operation of the defendant's vehicle shortly before and at the time of the accident.

The defendant testified that he was driving a four and one-quarter ton truck from Pawtucket to Bristol, Rhode Island, and that it was carrying a load of five and one-half tons of copper wire; that, as it was snowing and the street was slippery, he was driving slowly along Benefit street; that the speedometer on his truck was not working but that he estimated his speed at about eight or ten miles per hour; that as he approached Power street he saw a truck coming out of that street on his right and that it was having difficulty in getting traction because of the icy condition of the street.

Defendant also testified that he first noticed this truck when he was about seventy-five feet distant from it, and when he did so, he shifted his gears and gradually applied his foot to the brake, so as to keep his truck rolling at about three or four miles an hour; that immediately following, as he neared Power street, his truck skidded to the right and the rear of it hit the plaintiff. Defendant admitted that there was no traffic coming toward him which would have prevented him from turning to the left to avoid the truck which was coming up the steep grade of Power street. He further testified that he took the steps he did in order to slow down the speed of his truck so that the other truck, which was attempting to climb the hill, could pass in front of him, if it got sufficient traction to do so, before he reached it, but that he did not attempt to stop his truck and give the other driver the right of way.

Apparently the defendant was trying to keep his heavily-laden truck rolling so that he could pass the other truck, if it did not succeed in making the hill. According to the testimony of his assistant, the defendant, after

shifting gears, gradually applied the foot brake and was "just easing it back and forth", when, about that time, the rear end of the truck "swerved to the right." According to the testimony of Morris, it was also about this time that the other truck, having successfully climbed the hill, "shot across" Benefit street.

On these facts we have a case quite different from one where an unexplained skidding of the defendant's vehicle causes an accident. We agree with those authorities which hold that the mere act of skidding is not in and by itself evidence of negligence. We held very recently, however, that skidding, taken in conjunction with other evidence of the manner in which a motor bus was operated, and the weather conditions under which it was so operated, would make out a case for the consideration of the jury as to whether or not the defendant had exercised the required degree of care under all the circumstances. *Peters* v. *United Electric Rys. Co.*, 57 R. I. 311.

In the instant case can it be said as a matter of law that the acts of the defendant, taken in connection with the situation confronting him, were reasonable and prudent? We think not. What was reasonable operation of the truck in view of the condition of the street, the approaching truck from the right and the weight of defendant's truck and its load, was something upon which reasonable men might differ. There was certainly evidence from which the jury might have found that the defendant caused his truck to skid by shifting gears and then almost instantly applying the foot brake, within a traveled distance of fifteen feet, or, they might reasonably have concluded that when the defendant realized that the other truck might at any moment cross his path, if it succeeded in climbing the hill, he should have stopped his truck and thus have avoided the sudden emergency which necessitated the instantaneous stopping of his truck as the other truck "shot across" Benefit street. A close scrutiny of the testimony of the defendant's assistant, Morris, might fairly

lead one to the conclusion that the defendant was confronted with just such a situation and that to avoid a collision, he applied the footbrake somewhat too suddenly, thereby causing his truck to skid, as it did to the injury of the plaintiff.

On the consideration of the defendant's motion for a directed verdict the plaintiff was fairly entitled to have the evidence viewed in this light. If so viewed, the defendant's motion should have been denied. The trial justice, therefore, erred in granting said motion.

The plaintiff's exception is sustained, and the case is remitted to the Superior Court for a new trial.

*Bernard B. Abedon,* for plaintiff.
*William H. McSoley,* for defendant.